IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv721 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Leon Taylor. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Dakota County, Nebraska, on or about July 17, 2002, for operating a motor vehicle to avoid arrest and as a habitual criminal. This case is unusual in that the petitioner reasserts claims which were dismissed in 2005, without prejudice, in Case No. 4:04cv3190, Taylor v. Clarke, by this court. At that time, the Eighth Circuit Court of Appeals did not allow the federal district courts to stay and hold in abeyance exhausted habeas corpus claims while a petitioner returned to state court to exhaust any unexhausted habeas claim(s). The United States Supreme Court has subsequently changed the law in

that regard.

At the time of the dismissal of the petitioner's first § 2254 petition, Judge Bataillon stated that:

> ... the petitioner's first claim is denied and dismissed on the merits, and his second claim is dismissed as unexhausted. As a result, the petitioner's § 2254 petition will be dismissed. The petitioner is hereby forewarned that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations for filing habeas corpus petitions in federal court. See 28 U.S.C. § 2244(d). That limitations provision will apply to any subsequent petition the petitioner may file in this court. In addition, 28 U.S.C. § 2244(b), as amended by the AEDPA, precludes the filing of a subsequent habeas corpus petition in a federal district court absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition.

Therefore, on initial review of the § 2254 petition in the above-entitled action, I provisionally find that this case may be subject to summary dismissal under Rule 4 of the *§ 2254 Rules*. The respondent shall address whether this case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition.[1]

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2. That, within forty (40) days of the date of this Order, the respondent shall file a brief regarding whether this case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b);

3. That within twenty (20) days after his receipt of the respondent's brief, the petitioner shall notify the court in writing whether or not he has obtained the assistance of a prison legal aide to assist him in preparing a responsive brief on the single issue on which the court has requested briefs (successive habeas);

---

[1] The timeliness issue is of less consequence because a good argument can be made in favor of equitable tolling given the reversal of the Eighth Circuit's prohibition against stays pending exhaustion, during a critical period in the petitioner's proceedings.

      4.    If the petitioner has been able to obtain legal assistance within the prison system, he shall also inform the court approximately how long he estimates he and the legal aide will need to prepare the petitioner's responsive brief; and

      5.    That filing no. 4, the petitioner's Motion for Appointment of Counsel, is denied at this time, but the motion may be reconsidered sua sponte if the petitioner notifies the court that, notwithstanding diligent efforts, he has been unable to obtain any legal assistance within the prison system; however, any such assertion must be supported by a detailed account of the efforts made by the petitioner to obtain legal assistance from prison authorities.

      DATED this 26th day of January, 2007.

                                              BY THE COURT:

                                              s/ F. A. GOSSETT
                                              United States Magistrate Judge