IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEON TAYLOR, | ) | 8:06CV721 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Leon Taylor's ("Taylor") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed a Brief on the merits of the Petition (filing no. 26) and State Court Records (filing no. 25). Petitioner filed a Reply Brief on the merits of the Petition. (Filing No. 29). This matter is therefore deemed fully submitted.

Liberally construing the allegations of the Petition, Taylor states that he is entitled to a writ of habeas corpus because:

Claim One: Taylor was denied the effective assistance of counsel on direct appeal because his counsel failed to file a timely petition for further review with the Nebraska Supreme Court ("Claim One"). (Filing No. 1 at CM/ECF pp. 3-4.)

Claim Two: Taylor was denied the effective assistance of counsel at trial because his counsel failed to file a motion to quash and failed to challenge the "value of the vehicle," which is "an essential element" of the crime. ("Claim Two"). (*Id.*)

## I. BACKGROUND

### A. Taylor's Conviction and Direct Appeal

On April 24, 2002, Taylor was convicted of one count of Operating a Motor Vehicle to Avoid Arrest. *State v. Taylor*, 716 N.W.2d 771, 773 (Neb. App. 2006) ("*Taylor II*"). He was thereafter sentenced as a habitual criminal to serve 10 to 15 years for that conviction. *Id.* On direct appeal, Taylor raised two issues: (1) that the evidence was insufficient to support his conviction; and (2) the district court erred by finding Taylor to be a habitual criminal. *State v. Taylor*, 666 N.W.2d 753, 757 (Neb. App. 2003) ("*Taylor I*"). On July 29, 2003, the Nebraska Court of Appeals issued a detailed opinion affirming Taylor's conviction and sentence. *Id.* at 762. Taylor filed a petition for further review with the Nebraska Supreme Court, but that petition was dismissed as "filed out of time" on September 17, 2003. (Filing No. 25-3, Attach. 2, at CM/ECF p. 2.)

### B. Taylor's First Petition for a Writ of Habeas Corpus

On May 12, 2004, Taylor filed a Petition for Writ of Habeas Corpus in this court. (Case No. 4:04CV3190, Filing No. 1.) In that matter, Petitioner raised two issues: (1) that his conviction was the result of evidence obtained through an unlawful arrest; and (2) that he was denied the effective assistance of counsel due to his counsel's failure to file a timely petition for further review with the Nebraska Supreme Court. (Case No. 4:04CV3190, Filing No. 23 at CM/ECF p. 2.) On February 23, 2005, the court dismissed Taylor's claims. (*Id.*) Taylor's first claim was dismissed with prejudice because it lacked merit. (*Id.*) Taylor's second claim, which is the same as Claim One in the current Petition, was dismissed without prejudice because it was unexhausted. (*Id.*) Petitioner did not appeal the dismissal of his claims to the Eighth Circuit Court of Appeals. (Case No. 4:04CV3190, Docket Sheet.)

### C.  Taylor's Post Conviction Motion and Appeal

On April 13, 2005, Petitioner filed a pro se Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Dakota County, Nebraska. (Filing No. 25-15, Attach. 14, at CM/ECF pp. 1-12.) In his Post Conviction Motion, Petitioner asserted six claims, including Claims One and Two of the current Petition. (*Id.*)  On May 26, 2005, the Dakota County, Nebraska District Court denied the Post Conviction Motion.  (Filing No. 25-16, Attach. 15, at CM/ECF pp. 1-4.)  Taylor appealed the post conviction ruling with the assistance of counsel.  *Taylor II*, 716 N.W.2d at 772.  On appeal, Petitioner (now represented by counsel) assigned two errors: (1) that the Dakota County District Court erred by failing to grant an evidentiary hearing prior to denying post-conviction relief; and (2) the Dakota County District Court erred by failing to grant postconviction relief because Petitioner was denied counsel on his direct appeal and his counsel was ineffective for failing to timely file a petition for further review on direct appeal.  *Id.* at 774.

The Nebraska Court of Appeals affirmed the Dakota County District Court in a July 3, 2006 opinion.  *Id.* at 771.  Petitioner did not file a petition for further review with the Nebraska Supreme Court.  (Filing No. 25-11, Attach. 10, at CM/ECF p. 2.) The mandate therefore issued on August 7, 2006.  (*Id.*)

### D.  Taylor's Second Petition for a Writ of Habeas Corpus

Taylor filed this action on November 20, 2006.  (Filing No. 1.)  In its initial review of the Petition, the court noted that the Petition may be a "second or successive habeas corpus application under section 2254." (Filing No. 7 at CM/ECF p. 2.)  The parties were instructed to file briefs regarding the successiveness issue. (*Id.*)  Apparently recognizing that the Petition was likely successive, Taylor requested that the court stay the proceedings to allow him to seek the required authorization

from the Eighth Circuit Court of Appeals. (Filing No. 14.) In accordance with 28 U.S.C. § 2244(b)(3)(A), the court stayed the proceedings pending such authorization. (Filing No. 18.)

On April 9, 2008, the Eighth Circuit Court of Appeals issued an order denying authorization to proceed on both Claims One and Two. (Filing No. 19.) Regarding Claim Two, the Eighth Circuit denied authorization to proceed because that claim "could have been raised in Taylor's first Section 2254 petition." (*Id.*) (referring to Case No. 4:04CV3190 as Taylor's first petition). However, as to Claim One, the Eighth Circuit found that no authorization was necessary because the claim had been dismissed without prejudice. (*Id.*)

The court entered an order on April 30, 2008 stating that this matter would proceed on Claim One only and requesting briefing from the parties on Claim One. (Filing No. 21.) Respondent filed a Brief on the merits of the Petition (filing no. 26) and State Court Records (filing no. 25). Petitioner filed a Reply Brief on the merits of the Petition. (Filing No. 29). In his Brief, Respondent argues that the Petition is barred by the relevant statute of limitations, that Claim One is unexhausted and therefore is procedurally defaulted, and that Claim One fails on the merits. (Filing No. 26.) In his Reply, Petitioner argues the merits of Claim One. (Filing No. 29.)

## II.  ANALYSIS

### A.  Exhaustion/Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1. Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).

In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Here, Petitioner did not invoke "one complete round" of the Nebraska appellate review process on Claim One. Petitioner did not present Claim One in his direct appeal, nor could he have done so since the claim relates to the direct appeal itself. *Taylor I,* 666 N.W.2d at 757. Although Taylor presented Claim One at his first opportunity, in his Post Conviction Motion, and then in his appeal to the Nebraska Court of Appeals, Taylor did not file a petition for further review with the Nebraska Supreme Court. (Filing No. 25-11, Attach. 10, at CM/ECF p. 2.) Petitioner simply has not exhausted Claim One in the state courts. Further, he is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his first Post Conviction Motion. *See Ortiz*, 670 N.W.2d at 792. Due to Taylor's failure to invoke "one complete round" of Nebraska state court review, Claim One is procedurally defaulted.

### B. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to

excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

Petitioner does not argue cause and prejudice which would excuse his procedural default. Instead, he argues only the merits of Claim One and asks for a new direct appeal. (Filing No. 29.) In addition, Taylor does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. The court has independently reviewed the record in this matter and finds that the record does not support such claims. Petitioner has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing a petition for further review of his Post Conviction Motion. Because Petitioner has not demonstrated cause and prejudice to excuse his procedural default, the Petition is dismissed in its entirety.[1]

---

[1] Respondent also argues that, because the filing of Taylor's first Petition for Writ of Habeas Corpus does not toll the statute of limitations, his current Petition is untimely. (Filing No. 26 at CM/ECF pp. 5-6.) This is a complex question. Respondent is generally correct that the filing of a petition for writ of habeas corpus does not toll the statute of limitations under 28 U.S.C. 2244(d)(1)(A) (requiring the filing of a petition within one year of the "date on which the judgment became final by the conclusion of direct review"); *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the decision in *Rhines v. Weber*, 544 U.S. 269 (2005), was not yet decided when the court dismissed Taylor's first petition. *Rhines* would have permitted the court discretion to stay and abey the first petition rather than dismiss it without prejudice, and the statute of limitations would not be an issue here. *Id.* To resolve the issue, the court would now have to go back in time almost four years and determine whether a stay would have been appropriate in Taylor's first petition. Because Taylor's remaining claim is procedurally defaulted, the court declines to revisit the first petition. In short, there is no need to resolve the statute of limitations question.

IT IS THEREFORE ORDERED that:

1.  Petitioner Leon Taylor's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

October 24, 2008.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge